IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DONJON MARINE CO., INC.**, 100 Central Avenue, Hillside, New Jersey<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**ROBIN 5 SHIPPING, INC.**, *in personam*, c/o Interunity Management (Deutschland) GmbH, Konsul-Smidt-Strasse 76a, 28217 Bremen, Germany<br><br>　　　　　　　and<br><br>The **M/V CHIQUITA DREAM**, her engines, tackle, equipment, and furnishings, *in rem*,<br><br>　　　　　　　　　Defendants. | Civil Action No. |

### VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff DONJON MARINE CO., INC. ("Donjon"), by and through its undersigned attorneys, as and for its Complaint against Defendants, ROBIN 5 SHIPPING INC. ("Robin"), *in personam*, and the M/V CHIQUITA DREAM, her engines, tackle, equipment, and furnishings, *in rem*, alleges the following upon information and belief:

### PARTIES

1.　At all material times, Donjon was and still is a domestic business entity, organized and existing by virtue of the laws of the State of New Jersey, with an office and place of business at 100 Central Avenue, Hillside, New Jersey.

2.　At all material times, Donjon was the owner of the ocean-going Tug ATLANTIC SALVOR (IMO No: 7719624)

3. Defendant Robin is a foreign legal entity with a place of business care of Interunity Management (Deutschland) GmbH, Konsul-Smidt-Strasse 76a, 28217 Bremen, Germany and cannot be found within this District.

4. The M/V CHIQUITA DREAM is a container vessel owned by Robin and currently is, or shall be, during this action, within this District.

## JURISDICTION AND VENUE

5. This action arises from the tow of the M/V CHIQUITA DREAM by the Tug ATLANTIC SALVOR and is within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 (2018) and presents an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Venue is proper in this Court because the *in rem* Defendant CHIQUITA DREAM currently is within the District. Specifically, the vessel is docked at the Philadelphia Navy Yard.

## STATEMENT OF THE CLAIM

7. On or about March 29, 2021, Donjon was contacted by Five Oceans Salvage SA, ("Five Oceans"), acting on behalf of Robin, seeking towage assistance for the CHIQUITA DREAM, which had allegedly suffered an engine room fire and was without power to navigate. The vessel was sailing for the Port of Wilmington with a cargo of fruit.

8. Donjon and Five Oceans, acting on behalf of Robin, entered into a towage contract on the BIMCO TOWHIRE 2008 form, which provided for a daily hire rate of $28,500 per day or pro rata for partial days. Annexed hereto as Exhibit "1" and incorporated herein, is a true and authentic copy of the aforementioned towage contract. The Tug was to be on hire from the time it left a fuel dock in Port Elizabeth, New Jersey until it was released by the Five Oceans and returned to its home berth in Port Newark, New Jersey.

9.      The Tug ATLANTIC SALVOR went on hire when it departed from Port Elizabeth at 2200 hours on March 29, 2021.  The Tug proceeded to the location of the CHIQUITA DREAM.

10.     Under the terms of the towage contract, Donjon was entitled to a minimum of three days hire.  Donjon invoiced the CHIQUITA DREAM and Five Oceans $85,500, which was duly paid.

11.     At 1130 hours on March 31, 2021, after being underway for approximately 37 hours, the Tug ATLANTIC SALVOR arrived in the vicinity of the CHIQUITA DREAM.  By 1215 hours, a tow line was attached to the vessel and the tow commenced.

12.     As the tow proceeded, the weather increased and the CHIQUITA DREAM began to move erratically.  The vessel was down by the bow and was unable to keep her heading toward the Tug's stern.  The erratic movement of the vessel was causing the Tug to heel up to 30 degrees.  For safety reasons, the Tug ceased the tow and waited for the weather to abate by towing the CHIQUITA DREAM in circles.

13.     Due to the erratic movement of the vessel, the CHIQUITA DREAM was asked to release the towing wire so that the Tug could stand-by at a safe distance, but the vessel advised that it was too dangerous for its crew to go to the bow of the vessel to release the tow line.

14.     At 1645 hours on April 1, 2021, the captain of the Tug ordered the tow line disconnected from the Tug, so that the Tug could move to a safe distance from the vessel and stand-by until the weather improved, at which time the Tug would pick up the tow line and resume the tow.

15.     However, at 0925 on April 2, 2021, the CHIQUITA DREAM was able to restart its engines and got underway.  The Tug ATLANTIC SALVOR was directed to follow behind the

vessel. Before arriving at Delaware Bay, the crew of the CHIQUITA DREAM released the tow line, which was lost in the ocean.

16. The Tug followed the vessel until it arrived at the Port of Wilmington. The Tug was released by the vessel and returned to its home berth at 2345 hours on April 3, 2021. The Tug had been on-hire for 121.75 hours.

17. Donjon has duly performed all of the services and actions set forth in the towage contract on its part to be performed and in accordance with the terms therein.

18. Donjon invoiced the CHIQUITA DREAM and Five Oceans for additional hire in the amount of $59,076.13 and for a replacement tow line in the amount to $31,312.44. Both invoices remain unpaid.

19. The failure of Five Oceans, and its principal Robin, to pay the $90,388.57, due under the towage contract, although duly demanded by Donjon, gives rise to a maritime claim and a maritime lien on the CHIQUITA DREAM.

20. The towage contract provides for disputes to be resolved in arbitration in London under English law. Donjon is entitled to commence this proceeding under 9 U.S.C. § 8 against Robin and the CHIQUITA DREAM "by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

21. This action is brought under 9 U.S.C. § 8 to obtain security in favor of Donjon in the total amount of $180,777.14 (which is twice the amount of Donjon's claim fairly stated with accrued interest and costs, and less than the amount Defendants could be required to post by way of bond pursuant to 28 U.S.C. § 2464) in respect of its claim *in rem* against the CHIQUITA

DREAM and *in personam* against Robin and, if necessary, to recognize and enforce the arbitration award, when rendered, as a judgment of the Court.

## COUNT I
### (Plaintiff v. the CHIQUITA DREAM, *in rem*)

22. Plaintiff incorporates the averments contained in paragraphs 1-21, inclusive, with the same force and effect as if fully set forth herein.

23. As a result of Robin's breach of the towage contract, Donjon has a maritime claim against Robin and the vessel, and a maritime lien against the CHIQUITA DREAM.

24. Pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Donjon is authorized to assert its maritime lien against the vessel by having the CHIQUITA DREAM arrested and detained.

## COUNT II
### (Plaintiff v. Robin, *in personam*)

25. Plaintiff incorporates the averments contained in paragraphs 1-21, inclusive, with the same force and effect as if fully set forth herein.

26. As a result of Robin's breach of the towage contract, Donjon has a maritime claim against it.

27. Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, if Robin cannot be "found" within the District, Donjon is authorized to attach the assets of Robin which are located within the District, as security for its *in personam* claim.

28. As set forth in the accompanying papers, a diligent search of the available sources reveals that Robin cannot be found within the District. *See, e.g. West of England Ship Owners*

*Mut. Ins. Assn. v. McAllister Bros.*, 829 F. Supp. 122, 123 (E.D. Pa 1993) (a defendant is found within the district only when (1) it is subject to *in personam* jurisdiction **and** (2) it can be found for service of process within the district.)

29. The CHIQUITA DREAM is an asset of Robin that is located within the District and as such, it is subject to attachment pursuant to Rule B.

**WHEREFORE** Plaintiff Donjon Marine Co. Inc. prays that this Court:

(a) Issue a warrant *in rem* pursuant to Supplemental Admiralty Rule C for the arrest of the CHIQUITA DREAM and that all persons claiming an interest in the vessel be cited to appear and answer the matters stated herein;

(b) Issue process of maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B to attach the CHIQUITA DREAM and any other tangible and intangible property of Defendant Robin 5 Shipping, Inc., as Defendant cannot be found within the District;

(c) Condemn and sell the CHIQUITA DREAM to satisfy the judgment;

(d) Condemn and sell the tangible and intangible property of Defendant Robin 5 Shipping, Inc. to satisfy the judgment;

(e) Retain jurisdiction to enter judgment on an arbitral award in favor of Plaintiff Donjon Marine Co., Inc. in the arbitration arising out of the towage contract; and

(f) Award such other and further relief as the Court may deem just, equitable and proper.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**


By: /s/ George R. Zacharkow
George R. Zacharkow
Attorney I.D. No. 32816
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Tel: 215-587-9400
Email:  GZacharkow@DMVLawFirm.com


- and -

**NICOLETTI HORNIG & SWEENEY**
Terry L. Stoltz, Esq.
William M. Fennell, Esq.
(pro hac admission forthcoming)
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
Tel: 212-220-3830
E-mail:  TStoltz@NicolettiHornig.com
Reference No.:  00001470
            wfennell@nicolettihornig.com

*Attorneys for Plaintiff Donjon Marine Co., Inc.*

Dated:  May 4, 2021

## VERIFICATION

STATE OF NEW JERSEY    }
                       ss:
COUNTY OF UNION        }

PAUL A. WITTE. Esq., being duly sworn, deposes and says:

I am the Executive Vice President, Secretary, and General Counsel of Donjon Marine Co., Inc. ("Donjon"), the Plaintiff herein. I have read the foregoing Complaint and know the contents thereof and the same is true of my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

The reason I make this verification is that Donjon is a corporation and I am an officer thereof, to wit its Executive Vice President, Secretary, and General Counsel.

The sources of my information and the grounds of my belief as to all matters not stated in the Complaint to be alleged upon my own knowledge are reports made to me by employees, surveyors, investigators, and/or witnesses, and the records of the corporation.

_____
PAUL A. WITTE

Sworn to before me this
__3__ day of May, 2021

_____
Notary Public

EVA S. VIEIRA
Notary Public, State of New Jersey
My Commission Expires
July 21, 2023